UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMBASSADOR-AT-LARGE GRAND SHEIK DR. ADMIRAL ALA'AD-DIN BEY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | Civil Action No. 10-5995 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER, District Judge**

This matter comes before the Court on the motion filed by Defendants Mahlon J. Fast, J.S.C.; Eugene J. Cody, Jr., P.J.S.C.; Ned Rosenberg, J.S.C.; and New Jersey Superior Court (collectively, the "State Defendants") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or Rule 12(b)(6). Pro se Plaintiff Ambassador-at-Large Grand Sheik Dr. Admiral Ala'ad-Din Bey ("Plaintiff") has failed to oppose the motion. For the reasons that follow, the Court will grant the motion and dismiss the action against them with prejudice.

On or about November 12, 2010, Plaintiff filed with the Court a Complaint, which as the State Defendants aptly describe, rambles on for almost 150 pages (not counting voluminous attached exhibits). In addition to the movants, the Complaint names as defendants United States Department of Justice and "Hallmark Properties, Newark, New Jersey," neither of which are involved in the motion before the Court. The State Defendants consist of three judges of the Superior Court of the State of New Jersey as

well as the Superior Court itself. Insofar as these moving defendants are concerned, the Complaint seeks to have this Court "quiet title" to property involved in litigation before the Superior Court of New Jersey, alleges that the Superior Court as well as the defendant state court judges have violated and conspired to violate his civil rights and demands money damages for such alleged deprivations. It invokes a variety of purported authorities, including the "Zodiac-Constitution," the County Records for "New Jerusalem Territory," and the "Creed and Shariah of the Universal Civilization of Autocephalous Aboriginal Abyssinian Pangaean Afrimerican Moors of Dual Nationality and Sovereignty." Apart from this demand for damages and to settle some unspecified property rights, the Complaint is utterly incomprehensible and, indeed, delusional.

As the State Defendants have argued, all claims against them must be dismissed based on Eleventh Amendment sovereign immunity. Under the doctrine of sovereign immunity, a federal court lacks jurisdiction over an action brought against a State by citizens of that state as well as any other state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars a suit against state officials when "the state is the real, substantial party in interest." *Id.* Even if the nominal defendant is a state official, as is the case here, the suit is actually one against the sovereign when the judgment would operate against the sovereign, for example, by affecting the public treasury, interfering with public administration or compelling the sovereign state to act in a particular manner. *Id.* at 101 and n. 11 (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) and *Dugan v. Rank*, 372 U.S. 609, 620 (1963)).

Here, there is no doubt that both the monetary and injunctive relief sought by Plaintiff operate against the State of New Jersey. By demanding that the Court issue an order that would quiet title to some property, Plaintiff, in essence, requests that this Court command the State of New Jersey, through its judges, to determine property rights in his favor. The Court simply has no jurisdiction to take such action. Moreover, assuming for the moment that the Plaintiff does or could actually state a legally cognizable claim for damages for unspecified violations of his constitutional rights and sufficient factual allegations to support the claim, the only plausible reading of the Complaint indicates that Plaintiff has brought suit against the State Defendants based on their execution of official duties on behalf of the Superior Court of the State of New Jersey. It would appear, in other words, that the State of New Jersey is the real party in interest to all of Plaintiffs' purported claims against the State Defendants. As such, the action against them is barred by the Eleventh Amendment.

To the extent the claims against the State Defendants seek monetary relief based on their performance of their judicial functions, the Court holds that the claims must also be dismissed under the doctrine of judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967). The doctrine shields judges from liability for damages for exercising their authority. *Stump*, 435 U.S. at 355-56. The Supreme Court has held that "[a] judge will not be deprive of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356-57. The allegations of Plaintiff's Complaint give no indication

3

that any claim asserted against the State Defendants would not fall within the broad purview of judicial immunity.

Accordingly, the Court will grant State Defendants' motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. All claims against them will be dismissed with prejudice, as the Complaint cannot be amended to state viable claims.

Accordingly,

**IT IS** on this 20th day of January, 2011,

**ORDERED** that the State Defendants' motion to dismiss the Complaint [docket entry 8] be and hereby is **GRANTED**; and it is further

**ORDERED** that all claims against the State Defendants be and hereby are **DISMISSED WITH PREJUDICE** pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

    s/ Stanley R. Chesler
    Stanley R. Chesler, U.S.D.J