**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| AMBASSADOR-AT-LARGE GRAND SHEIK DR. ADMIRAL ALA'AD-DIN BEY, | : : : **Civil Action No. 10-5995 (SRC)** |
| | : |
| Plaintiff, | : **OPINION** |
| | : |
| v. | : |
| | : |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | : |
| | : |
| Defendants. | : |

**CHESLER, District Judge**

This matter comes before the Court pursuant to an Order to Show Cause issued January 21, 2011.  Plaintiff *pro se* filed a Complaint in this Court on November 12, 2010. Certain state entity and judicial defendants moved to dismiss based on Eleventh Amendment Sovereign Immunity.  The Court granted that motion and dismissed the Complaint against those defendants with prejudice by Order of January 20, 2011.  The case, however, remained active, as two other defendants had been named by Plaintiff in the Complaint.  (Those two defendants, the United States Department of Justice and Hallmark Properties, have not yet entered an appearance in the case and, in fact, there is no indication on the docket that they have been served with process.)  On review of the Complaint, the Court found that it could not discern the claim for which Plaintiff sought relief, nor the basis for the exercise of this Court's subject matter jurisdiction.  This Court accordingly issued an Order to Show Cause, directing Plaintiff to show cause in writing

why this action should not be dismissed for noncompliance with Federal Rule of Civil Procedure 8 and lack of federal subject matter jurisdiction.

In response, Plaintiff has submitted a lengthy affidavit which is as incomprehensible as the Complaint.  It does not elucidate in the slightest what legal relief Plaintiff seeks, on what facts any purported claims might be based, or indeed, how this Court has subject matter jurisdiction over this action.  The Complaint will be dismissed with prejudice for the following reasons.

Federal Rule of Civil Procedure 8(a) requires that the Complaint contain a "short and plain statement of the grounds for the court's jurisdiction" as well as a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Complaint does not comply with either of these requirements of Rule 8(a).  Furthermore, this Court has notified Plaintiff of these defects and has given Plaintiff the opportunity to remedy them.  Plaintiff's response to the Order to Show Cause was to submit an affidavit that did not make any progress toward compliance with Rule 8(a).  Rather, the response reiterates many of the same statements made by Plaintiff in the Complaint and is, as a whole, rambling and incoherent.   Based on Plaintiff's filings, the Court is, moreover, persuaded that further opportunities to remedy these pleading defects are futile.

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy."  New York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a complaint with prejudice is appropriate if amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Here, this Court finds that it would be futile to give Plaintiff further opportunity to replead.

The Third Circuit recently addressed the issue of the incomprehensible complaint in an unpublished decision, <u>Moss v. United States</u>, 329 Fed. Appx. 335 (3d Cir. 2009).  In <u>Moss</u>, the Third Circuit held that, prior to dismissing an incomprehensible complaint pursuant to Rule 8(a), the plaintiff must be given the opportunity to remedy the defect. <u>Id.</u> at 336.  When the plaintiff has been given that opportunity and failed to meet the requirements of Rule 8(a), the district court may dismiss the complaint with prejudice. <u>Id.</u>  In <u>Moss</u>, the Third Circuit cited approvingly the Second Circuit's decision in <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995) (citations omitted), which states:

> When a complaint fails to comply with [Rule 8(a)'s] requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.

This Court further notes that, just days ago, in an unpublished and non-precedential opinion, the Third Circuit adhered to these principles in affirming this Court's dismissal of another complaint filed earlier in 2010 by the same Plaintiff to this action on grounds of its incomprehensibility and the futility of amendment.  <u>See</u> <u>Admiral Ada'Ad-din v. U.S. Dep't of State</u>, et al., No. 10-3383 (3d Cir. Jan. 27, 2011).

Considering both the Complaint and the response to the Order to Show Cause, this Court finds that the Complaint is so unintelligible that its true substance is well-disguised.  Granting Plaintiff a further opportunity to remedy this defect is futile.  The Complaint will be dismissed with prejudice for failure to comply with the requirements of Rule 8(a).  An appropriate form of Order will accompany this Opinion.

   s/ Stanley R. Chesler     
Stanley R. Chesler, U.S.D.J

DATED: February 3, 2011

4